## TIMOTHY H. CARTER *versus* GEORGE GAULT *et al.*

It was agreed by an instrument under seal between the plaintiff and B. & F., that B. & F. should build nine houses for the plaintiff; that after their completion, the plaintiff should sell four of them to B. & F. or their representatives, or to such persons as they should direct; that the value of each of the nine houses should be estimated by an architect from the bills of work and value of the land; that the parties or *their representatives*, should then bid for the choice; and that the sums bid should be credited to the whole cost of the nine houses, and that the four houses selected by the purchasers should be paid for at their value as thus determined. Before the completion of the houses, by another contract under seal between B. & F. and the defendants, it was agreed that the defendants should " buy one of the above named houses, which are to be built &c. as per contract between B. & F. and the plaintiff; and the defendants shall have as good and equal right to bid for choice of said houses, as any of the proprietors; the price not to overrun 2400 dollars, and if said house does overrun 2400 dollars, by the bills, it shall be the loss of B. & F., and the defendants *shall pay no more.*" In assumpsit by the plaintiff against the defendants to recover the sum bid by them for a choice of the houses, it was *held*, that their bidding for a choice, did not create any contract between them and the plaintiff; that the stipulation by B. & F., in their contract with the plaintiff, to pay the consideration for the four houses in the manner therein stated, was a covenant to pay the money bid for a choice, as well as the cost of the four houses, if B. & F., or any person authorized by them, should make such bid; and that the remedy of the plaintiff, therefore, was upon his contract with B. & F., and not against the defendants, with whom he had *no privity* of contract.

THIS was assumpsit to recover $225, the sum bid by the defendants for the choice of nine houses situate in Boston.

The defendants pleaded the general issue, which was joined.

On a case stated, it appeared, that on May 18, 1830, the plaintiff contracted with Bates and Frost, that they should build for him nine dwellinghouses, four in Salem Street and five in Unity Court, in Boston. At the same time, but by a separate instrument, which was under seal, it was agreed that the plaintiff should sell and convey to Bates and Frost or their representatives, or to such person or persons as they should direct, four of the houses, after they should be completed ; that the value of each of the nine houses should be determined by the architect, Ashur Benjamin, from the bills of work, the land being estimated at $1·50 per square foot ; that the plaintiff or his representatives, and Bates and Frost *or their representatives*, were then to bid for the choice of

the houses at such valuation ; and the sums bid were to be credited to the whole cost of the nine houses ; and it was further agreed, that the four houses selected by the purchasers should be paid for at their value as thus determined.

On June 1, 1830, which was before the completion of the houses, by a written contract under seal, between Bates and Frost, and Gault and Abbott, the defendants, it was agreed that the defendants, who were to furnish Bates and Frost with a large quantity of the materials for the erection of the houses, should " buy one of the above named houses, which are to be built on Salem street or on Unity street court, so called, as per contract between Bates and Frost and T. H. Carter of Boston, which houses are to be built in company or joint property, nine in number, and are to be appraised by Mr. Ashur Benjamin, the architect, and marked at certain prices according to their value, and then the proprietors of said houses are to bid for choice for the same, at public auction on the premises, and said Gault and Abbott *shall have as good and equal right to bid for choice of said houses as any of the proprietors, at said auction ;* " " the price not to overrun 2400 dollars, and if said house does overrun the sum of 2400 dollars, *by the bills*, it shall be the loss of Bates and Frost, and Gault and Abbott *shall pay no more.*"

Under this contract, the defendants, at the bidding for the choice of the houses, on December 27, 1830, bid for their choice $ 225. A deed to Gault and Abbott of the house chosen by them, dated December 31, 1830, and the consideration of which was expressed to be $ 2400, was prepared at the request of Bates and Frost, to whom it was delivered by the plaintiff. The sum actually received by the plaintiff of Bates and Frost, as the consideration of the deed, was $ 2588, the sum at which the house was valued by Benjamin, diminished by $ 60, which was one ninth of the whole sum bid for the choice of the houses. The plaintiff then demanded both of Bates and Frost and of the defendants, payment of the sum of $ 225 bid by the defendants for their choice ; but it was refused.

This claim, with other differences between the plaintiff and

Bates and Frost, were submitted to referees, who awarded, among other things, that if the plaintiff should fail to recover of the defendants in this action their proportion of the money bid for a choice of the houses, in consequence of any agreement made between the defendants and Bates and Frost, then the plaintiff should have a good and valid claim for the same against Bates and Frost.

If, upon these facts, the plaintiff could maintain this action, the defendants were to be defaulted, and judgment entered for such sum, as should, in the opinion of the Court, be due from the defendants to the plaintiff; otherwise the plaintiff was to be nonsuited.

The case was argued in writing.

*Parsons*, for the plaintiff. The defendants, by their contract with Bates and Frost, became *their representatives* and elected to make use of the privilege of bidding for a choice, which was secured to Bates and Frost or their representatives by their contract with the plaintiff.

It is no answer to the plaintiff, or to Bates and Frost, to say, that the defendants were to give but $2400 for the house; the words "by the bills" in their contract, seem to have been added purposely to exclude the money paid for a choice; the words "shall pay no more," obviously mean *for the house*; they have paid $2400 for the house, and they must now pay $225 for the privilege of choosing that house.

If we should bring an action against Bates and Frost for this sum, and should succeed, they could recover over of the defendants; the Court will therefore give judgment for the plaintiff in this suit, to prevent circuity of action.

*D. A. Simmons*, for the defendants. There is clearly no privity between the plaintiff and the defendants. This is not a mere technical objection; there may be a balance due from Bates and Frost to the defendants, against which the money bid should be set off, if due to Bates and Frost; and this right of set-off would be defeated if this action can be maintained. We offer to prove that such a balance is due, if it is material. As to the objection of a circuity of action, it is enough to reply, that these defendants may have

45 *

Carter
*v.*
Gault.

a good defence against Bates and Frost with whom they contracted under seal, which could not be given in evidence or inferred in an action to which Bates and Frost are not parties.

*March 25th.* SHAW C. J. delivered the opinion of the Court. Upon reference to the contracts in the case, in connexion with the statement of facts, the Court are of opinion, that the bidding therein mentioned, being the bidding for choice, stipulated for in the contract between the plaintiff and Bates and Frost, did not constitute a contract of sale or any other contract between the plaintiff and defendants, but was a mode of ascertaining the price of the houses, to be conveyed by the plaintiff to Bates and Frost, or their appointees ; that the stipulation in the contract of Bates and Frost with the plaintiff, to pay the consideration in the manner therein stated, was a contract to pay the money bid for choice, as well as the cost, if Bates and Frost, by themselves, or by any person authorized by them, should make such bid. The remedy of the plaintiff therefore is upon the covenant, and against Bates and Frost, and not against the defendants, there being no privity of contract between the plaintiff and the defendants.

The rights of Bates and Frost and of Gault and Abbott, as between each other, are not now before the Court, and of them we give no opinion.

*Plaintiff nonsuit*